IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMAD ABEDI,

        Plaintiff,                  No. CIV S 06-0991 MCE GGH P

   vs.

D. K. BUTLER, et al.,

        Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff, who seeks relief pursuant to 42 U.S.C. § 1983, has paid the filing fee for this action.[1] This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

---

[1] By order filed on June 23, 2006, plaintiff was given the opportunity either to submit an in forma pauperis affidavit, per 28 U.S.C. §§ 1914(a), 1915(b)(1), or to submit the remaining portion of the required filing fee. Plaintiff elected to pay the remainder of the filing fee. <u>See</u>, docket, noting July 7, 2006, receipt.

1

1  U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

4  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,

6  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

8  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

9        A complaint, or portion thereof, should only be dismissed for failure to state a

10  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

11  of facts in support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King &</u>

12  <u>Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> also

13  <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing

14  a complaint under this standard, the court must accept as true the allegations of the complaint in

15  question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the

16  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

17  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

18        Plaintiff names the following fifteen (15) individuals employed at Folsom State

19  Prison (FSP) as defendants: Diana Butler, (former) FSP warden; Dr. I. Cardeno; J. L. Ignasiak,

20  Correctional (Corr.) Counselor I; Wally Parker, Electrical Maintenance Supervisor; A. Groner,

21  Electronic Technician; Corr. Sergeant (Sgt.) Prunty; Mike Bunnell, Associate Warden

22  Operations; Corr. Sgt. J. Mineau; James Blair, Associate Warden Programs; Corr. Lieutenant

23  (Lt.) T. Ayers; Corr. Lt. B. Jones; P.D. Palmer, Supervisor of Business Trades; Correctional

24  Officer (C/O) C. Martincek; C/O T. Pebler; H. Carreon, Electrician Shop Supervisor.

25        Plaintiff alleges that the defendants failed to protect his rights under the

26  Americans with Disabilities Act and he seeks money damages. Plaintiff, however, fails

altogether to set forth the basis of his claim(s).  He alleges in a rather sweeping fashion that the defendants have discriminated against him or have allowed him to be discriminated against and that they are personally aware of plaintiff's "complaint."  Complaint, p. 4.  He alleges violations of his rights under the Eighth and Fourteenth Amendments.  Id.  He contends that the defendants, without specifying a particular individual and without identifying the property or the circumstances of any removal, damage or injury to same, did not "protect his rights to personal property."  Id.

He generically claims that defendants failed to provide him with unspecified services.  Complaint, pp. 4-5.  With respect to defendant Butler, whom plaintiff purports to sue in her official capacity, plaintiff claims that she "acted or failed to act to protect plaintiff's rights" when she reviewed plaintiff's wholly undescribed appeals on August 15, 2003; August 26, 2003; September 9, 2003; September 20, 2003.  Id., at 5.  Plaintiff provides specific dates without once setting forth the subject matter of any grievance.

As to defendant Bunnell, plaintiff complains of his failure to act with respect to completely undefined appeals on December 30, 2002; January 3, 2003; April 18, 2003; July 31, 2003.[2]

The court will not proceed to set forth his completely unspecified allegations with respect to each of the remaining defendants, against each of whom plaintiff sets forth a date or dates upon which each allegedly acted or failed to act with respect to a grievance or complaint plaintiff had submitted for his or her review.  Plaintiff never once states the substance of any grievance as to any defendant.  This complaint must be dismissed but plaintiff will be granted leave to amend within thirty days.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set

---

[2] In setting forth the litany of dates, plaintiff does not always put them in chronological sequence in his allegations against defendants, which the court rectifies.

forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

       Plaintiff strings together a series of wholly unexplained allegations, all of which are too vague to put defendants fairly on notice of the claims against them in violation of Fed. R. Civ. P. 8. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Should plaintiff seek to allege, for example, that he received inadequate medical care in violation of the Eighth Amendment, he must name the individual whom he alleges deprived him of such care and must link specific allegations regarding the lack of appropriate medical care to that individual, setting forth the factual basis for any such claim.

       With respect to allegations centering on the grievance procedure, it appears that all of plaintiff's claims center on his dissatisfaction with the manner in which his appeals were processed, addressed or not addressed. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a

failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandia v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[3]  Plaintiff's due process claims against these defendants will be dismissed; plaintiff will be granted leave to amend.

Plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages.  See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).  Although it does not appear that plaintiff seeks injunctive relief,  he may seek money damages against state entities under the ADA; however, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities.  Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001).  Accordingly, plaintiff claims against the individual defendants under the ADA must be dismissed because plaintiff has not named a proper defendant.

Moreover, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  <u>Weinrich</u>, 114 F.3d at 978. Because plaintiff's claims under the ADA against defendants are wholly deficient, these claims will be dismissed, but plaintiff will be granted leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has paid the filing fee in full.

\\\\\

\\\\\

1    2. The complaint is dismissed for the reasons discussed above, with leave to file
2 an amended complaint within thirty days from the date of service of this order. Failure to file an
3 amended complaint will result in a recommendation that the action be dismissed.
4 DATED: 10/23/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
abed0991.b