1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MOHAMMED ABEDI,

11              Plaintiff,                    No. CIV S-06-0991 MCE GGH P

12        vs.

13   D.K. BUTLER, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42

17   U.S.C. § 1983.  By <u>Order</u>, filed October 24, 2006, plaintiff's complaint was dismissed with leave

18   to file an amended complaint.  Plaintiff was granted an extension of time (by <u>Order</u>, filed on

19   November 28, 2006), and has filed an amended complaint.

20          The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C.

21   § 1983 and 28 U.S.C. § 1915A(b) against defendants D.K. Butler; W. Parker; A. Groner; J.

22   Mineau; T. Pebler; H. Carreon; C. Martincek.  If the allegations of the amended complaint are

23   proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

24          *Plaintiff, by <u>Order</u>, filed on June 23, 2006, was given an opportunity to make the*

25   *showing required by 28 U.S.C. 1915(a) to qualify for in forma pauperis status, or to submit the*

26   *then remaining portion of the filing fee.  Plaintiff elected to pay the remaining filing fee, rather*

1

*than file the in forma pauperis affidavit, and has been found to have paid the filing fee in full.* *See* *Order*, *filed on October 24, 2006. Because, however, as this order sets forth, plaintiff is responsible for serving his amended complaint if he is not deemed to be proceeding in forma pauperis, the court will afford plaintiff one further opportunity to file an in forma pauperis affidavit. Should plaintiff make the requisite showing, plaintiff will not be assessed any further filing fee, but the court will be able to direct the U.S. Marshal to serve the amended complaint, and plaintiff will not be responsible for service of process of his amended complaint.*

Otherwise, plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.[1] Plaintiff shall serve a copy of this order on each defendant, together with a summons and a copy of the amended complaint, filed on January 8, 2007. Within one hundred twenty days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

1. Whether this matter is ready for trial and, if not, why not;

2. Whether additional discovery is deemed necessary. If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

3. Whether a pretrial motion is contemplated. If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 78-230(m);

4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5. A list of all exhibits to be offered into evidence at the trial of the case;

---

[1] Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed. <u>See</u> Fed. R. Civ. P. 4(m).

1    6.  A list of the names and addresses of all witnesses the party intends to call;

2    7.  A summary of the anticipated testimony of any witnesses who are presently

3 incarcerated;

4    8.  The time estimated for trial;

5    9.  Whether either party still requests trial by jury; and

6    10.  Any other matter, not covered above, which the party desires to call to the

7 attention of the court.

8    In addition, plaintiff shall inform the court in his status report of the date and

9 manner of service of process.

10    The parties are informed that they may, if all consent, have this case tried by a

11 United States Magistrate Judge while preserving their right to appeal to the Circuit Court of

12 Appeals.[2]  An appropriate form for consent to trial by a magistrate judge is attached.  Any party

13 choosing to consent may complete the form and return it to the clerk of this court.  Neither the

14 magistrate judge nor the district judge handling the case will be notified of the filing of a consent

15 form unless all parties to the action have consented.

16    In accordance with the above, IT IS HEREBY ORDERED that:

17    1.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit

18 in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court

19 for the court to determine if he qualifies for in forma pauperis status so that the U.S. Marshal

20 may be directed to serve the amended complaint; should plaintiff elect not to provide the

21 appropriate affidavit, he must proceed with service of process as directed in this order;

22    2.  The Clerk of the Court is directed to send plaintiff a new Application to

23 Proceed In Forma Pauperis By a Prisoner;

24 

25    [2] Although, by filing dated May 26, 2006, plaintiff has previously declined to give his

26 consent to the jurisdiction of the magistrate judge, he is herein provided with another consent form for his own use, which he may elect to submit or not, as he chooses.

1    3.  The Clerk of the Court is directed to send plaintiff eight (8) copies of the form

2 "Consent to Proceed Before United States Magistrate Judge" with this order.

3    4.  Plaintiff shall complete service of process on the defendants within sixty days

4 from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

5 "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the

6 summons and complaint are served.

7    5.  Defendants shall reply to the complaint within the time provided by the

8 applicable provisions of Fed. R. Civ. P. 12(a).

9    6.  Plaintiff's status report shall be filed within ninety days from the date of this

10 order.  Defendants' status report shall be filed within thirty days thereafter.  The parties are

11 advised that failure to file a status report in accordance with this order may result in the

12 imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

13    7.  Unless otherwise ordered, all motions to dismiss, motions for summary

14 judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

15 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

16 be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be

17 deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only

18 as directed by the court.

19    8.  If plaintiff is released from prison at any time during the pendency of this case,

20 any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule

21 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule

22 78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.

23 See Local Rule 1-102(d).

24    9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),

25 plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

26 exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

1  the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

2  claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

3  perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

4  plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

5  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

6  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

7  the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

8  and file one or more affidavits or declarations by other persons who have personal knowledge of

9  relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

10 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

11 with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

12 submit matters outside the pleadings, the court may look beyond the pleadings and decide

13 disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

14 court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

15 defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

16 unexhausted claims will be dismissed without prejudice.

17      10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

18 <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

19 plaintiff is advised of the following requirements for opposing a motion for summary judgment

20 made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

21 is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

22 for summary judgment will set forth the facts that the defendants contend are not reasonably

23 subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

24 judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

25 the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

26 complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

11.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

12.  Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

\\\\\

13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

DATED: 6/15/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
abed0991.srv

7