IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMED ABEDI,

      Plaintiff,                  No. CIV S-06-0991 MCE GGH P

   vs.

D.K. BUTLER, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. By <u>Order</u>, filed on June 15, 2007, plaintiff was given a further opportunity to file an in forma pauperis affidavit, even though he has paid the filing fee in full, so that, should he make the requisite showing, the court could direct the U.S. Marshal to serve his amended complaint upon defendants, without, of course, assessing any further fee. Alternatively, the court directed the Clerk's Office to provide plaintiff with the documents for him to complete service of process.

        By filings in this court on June 26, 2007, and on July 9, 2007, plaintiff informed the Clerk's Office that he had not received the requisite forms for service of process. The Clerk's Office has now served (or re-served) the in forma pauperis application in the event plaintiff elects to file the affidavit in an effort to obtain service of his amended complaint by the

1

1  U.S. Marshal; in addition, plaintiff has also been served (or-reserved) with the summons, consent
2  forms, copy of the amended complaint, and copy of the local rules.  Docket Entry for 7/12/2007.
3        Although plaintiff has not yet submitted an in forma pauperis affidavit, on June
4  27, 2007, plaintiff filed a letter that is directed to the U.S. Marshal seeking to obtain the
5  Marshal's services, stating that he does not qualify for in forma pauperis status.  Plaintiff also
6  states that he knows of no private agency or party who could serve process on his behalf.
7        As noted, plaintiff has the opportunity to seek to obtain in forma pauperis status.
8  Fed. R. Civ. P. 4(c)(2) (court must appoint U.S. Marshal, or other person or officer, to effect
9  service when plaintiff authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915);
10 Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990)("a party proceeding in forma pauperis is
11 entitled to have the summons and complaint served by the U.S. Marshal");  Graham v. Satkoski,
12 51 F.3d 710, 712 (7th Cir. 1995)("The Marshals Service is required to serve process on behalf of
13 individuals *proceeding in forma pauperis*") [emphasis added].  Should he not seek such status or
14 seek it but fail to qualify, however, plaintiff is informed that the U.S. Marshal does not have the
15 responsibility in most cases to serve civil summonses and subpoenas, "but rather a private party
16 must be employed as process server."  Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d
17 175, 178 (9th Cir. 1990).
18       Accordingly, IT IS ORDERED that plaintiff's June 27, 2007, request to pay for
19 the services of the U.S. Marshal's office as a process server on his behalf is disregarded.
20 DATED: 7/30/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
abed0991.ord