IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMED ABEDI,

        Plaintiff,                      No. CIV S-06-0991 MCE GGH P

    vs.

D.K. BUTLER, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff, who paid the filing fee in full and did not qualify for in forma pauperis status, has been responsible for serving the amended complaint upon all defendants, an obligation he has attempted to carry out with mixed results. To date, answers have been filed on behalf of four of the seven named defendants.

        Although plaintiff proceeds pro se, on May 7, 2008, an attorney, Steven C. Sanders, who represents plaintiff in unrelated legal matters, filed a letter indicating that plaintiff has been placed in administrative segregation for his own protection and is to be transferred. Since April 9, 2008, plaintiff has been separated from his legal papers, according to Mr. Sanders, and plaintiff believes he will not have access to his legal property for an unknown period of time. The court is also informed that plaintiff has sought the addresses of the remaining unserved

addresses from defendants' counsel by way of discovery.  Due to the separation from his legal material, plaintiff apparently believes it will be impossible to complete service upon the unserved defendants even with the 90-day extension period the court generously granted by Order, filed on March 10, 2008.

This case was filed in 2006.  The court is certainly cognizant of the obstacles that face an incarcerated individual tasked with the responsibility of serving his own summons and complaint and, therefore, has been quite liberal in granting plaintiff extensions of time to complete the process.  See Orders, filed on August 14, 2007; December 18, 2007; March 10, 2008.[1]  However, there comes a point when delays become an untenable impediment to the judicial process.

Therefore, the court will now direct defendants' counsel to query the Department of Corrections and Rehabilitation to ascertain the whereabouts of defendants D.K. Butler, W. Parker, and A. Groner.  If defendants Butler, Parker, and Groner are still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide their business addresses to plaintiff.  If counsel is otherwise informed of the business addresses of these defendants, counsel shall provide the addresses to plaintiff.  In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business addresses of defendants D.K. Butler, W. Parker, and A. Groner, counsel shall so inform the court. Defendants' counsel shall file and serve the appropriate response within twenty days of the file date of this order.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[1] In this last order plaintiff was cautioned that there would be no further extension of time.

Should defendants be unable to locate any or all of the unserved defendants after a good faith inquiry, the court will recommend as to any one of them for whom counsel cannot provide a location a dismissal from this action pursuant to Fed. R. Civ. P. 4(m). As to any of the unserved defendants for whom defendants' counsel is able to provide plaintiff with an appropriate address for service, plaintiff must effect that service within sixty days of the date of this order, absent which, a recommendation for dismissal of any such defendant will also be made pursuant to Fed. R. Civ. P. 4(m). No further extension of time will be granted.

IT IS SO ORDERED.

DATED: 05/20/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
abed0991.ord